IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SQUIRES GOLF CLUB, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 10-6734 |
| v. | : | |
| BANK OF AMERICA, | : | |
| Defendant. | : | |

O'NEILL, J.                                                          JANUARY 13, 2011

## MEMORANDUM

This is the second suit brought by plaintiff Squires Golf Club against defendant Bank of America.

Plaintiff brought its first suit against defendant in the Court of Common Pleas of Montgomery County to recover damages for an alleged violation of the Pennsylvania Mortgage Satisfaction Act, 21 Pa. Cons. Stat. § 721-6 (2003). On May 28, 2010, defendant removed the case to this Court, Civil Action 10-2579, and subsequently filed a motion to dismiss.

On or about July 1, 1998, Prime Bank, predecessor-in-interest to defendant, loaned $1,750,000.00 to plaintiff. Compl. ¶ 4.[1] The parties signed a promissory note that contained a prepayment fee provision establishing certain financial penalties which would result from any prepayment of the principal amount of the loan by plaintiff. The note contained a handwritten provision which was dated and initialed by representatives of both plaintiff and Prime Bank. The provision stated: "[b]orrower can make principal reductions at any time without penalty, so long as the reduction is not through a refinance with another institution." The loan from Prime Bank

---

[1] Except as otherwise noted, references are to the Complaint in Civil Action No. 10-2579.

was secured by a mortgage on property owned by plaintiff and a mortgage document was signed and executed by the parties on July 16, 1998. Compl. Ex. A.

At some point after the execution of the promissory note and mortgage, defendant acquired plaintiff's mortgage. Defendant sent plaintiff two payoff statements dated November 17, 2009 and December 18, 2009 which specified the total amount due in order to satisfy the loan. Compl. Exs. B and C. Neither document stated that there was a prepayment fee. Id. The statements did contain a disclaimer, however, which stated in relevant part that ". . . in the event of error or omission, the Bank does not, in any way, prejudice its rights or entitlement to all moneys lawfully due under terms of any credit documents." Id.

On December 29, 2009, plaintiff refinanced with Continental Bank. Compl. ¶¶ 7, 10. Using the funds from this refinancing, plaintiff paid defendant $1,127,903.73, the total amount due according to the December 18, 2009 payoff statement. Compl. ¶ 9. Plaintiff asserts that its decision to refinance with Continental Bank was made in reliance on the fact that defendant's payoff statements did not contain any reference to a prepayment penalty. Compl. ¶ 10.

In a letter dated February 8, 2010, defendant informed plaintiff that a prepayment fee of $139,421.24 was due because plaintiff had paid off its loan with funds obtained through refinancing. Compl. Ex. D. Defendant further explained that it had "omitted the prepayment fee from the payoff letter[s] . . . based on information confirmed by [plaintiff] that the funds to repay the loan would be obtained from private sources." Id. Defendant's letter informed plaintiff that upon receipt of the prepayment fee the mortgage lien on plaintiff's property would be released. Id. Plaintiff refused to pay the prepayment fee, claiming that if defendant had notified it of the fee it would have used private funding to pay the debt. Compl. Ex. E. Plaintiff demanded that

defendant satisfy the mortgage, and defendant refused to do so. Id.

The Pennsylvania Mortgage Satisfaction Act provides that when a mortgagee has received "payment of the entire mortgage obligation and tender of all required satisfaction and recording costs" the mortgagee must issue and record a "duly executed satisfaction piece," i.e. a document which certifies that the mortgage obligation has been satisfied. 21 Pa. Cons. Stat. § 721-4. If within 60 days of the mortgagee's receipt of "payment of the entire mortgage obligation and all required satisfaction and recording costs" and a written request by the mortgagor for the satisfaction document the mortgagee fails to issue and record a certification of mortgage satisfaction "the mortgagee shall forfeit and pay to the mortgagor a penalty in a sum not exceeding the original loan amount." 21 Pa. Cons. Stat. § 721-6.

The dispositive question for the purposes of defendant's motion to dismiss in Civil Action No. 10-2579 was whether plaintiff's prepayment penalty fee which was activated by its refinancing with Continental Bank was part of "the entire mortgage obligation." If the fee was part of this obligation, plaintiff had not stated a claim under the MSA.

The "Full Performance" section of the mortgage provided that defendant would release its interest in plaintiff's property only if plaintiff paid "all the [i]ndebtedness when due." Compl. Ex. A at 5. The mortgage defined "[i]ndebtedness" as "all principal and interest payable under the [promissory note] . . . [as well as] all obligations, debts and liabilities, plus interest thereon . . ." owed by plaintiff to defendant. Id. at 2. The term "[i]ndebtedness" as used in the mortgage was synonymous with "the entire mortgage obligation" as used in the MSA. In other words, in order for plaintiff to have satisfied its entire mortgage obligation–and therefore to state a claim under the MSA–it must have satisfied all of its indebtedness under the contract.

3

The handwritten provision to the promissory note, which was initialed and dated by a representative of plaintiff, clearly stated that plaintiff would be subject to a prepayment fee if it refinanced with a different financial institution and used the funds obtained through that refinancing to make reductions of the principal. When plaintiff refinanced with Continental Bank and used the funds obtained in that refinancing to pay off the principal owed to defendant the prepayment fee became a part of "the entire mortgage obligation." Accordingly, I concluded that plaintiff had not satisfied the entire mortgage obligation and thus could not state a claim under the MSA.

In sum, taking the well-pleaded facts alleged in the complaint as true, I held that plaintiff had failed to state a claim under the MSA. I held that to establish a claim under the MSA a plaintiff must prove that it had fully paid "the entire mortgage obligation." I held that the unpaid prepayment penalty fee was a part of plaintiff's mortgage obligation to defendant and that, therefore, plaintiff could not state a claim under the MSA because it had failed to satisfy its full financial obligation to defendant under the terms of the agreement. Squires Golf Club v. Bank of Am., No. 10-2579. 2010 WL 2813340, at *6 (E.D. Pa. Jul. 14, 2010).

On July 14, 2010, I filed an Order granting defendant's motion to dismiss. Id. No appeal was taken from that Order.

On October 20, 2010, Squires Golf Club filed a second suit against the Bank of America in the Court of Common Pleas of Montgomery County, an action to quiet title. Again, the Bank removed the action to this Court, Civil Action 10-6734. The Complaint in this action alleges that the Bank has refused to satisfy the mortgage on the Club's property because the Club has not paid the prepayment fees of $139,421.24. Squires seeks a decree that the Bank's mortgage has

been satisfied.

Squires has filed a motion to remand and the Bank has filed a motion to dismiss and for sanctions. Both motions have been fully briefed.

The motion to remand asks that I abstain from hearing this matter so that the Court of Common Pleas can determine "all interest" in real property located within its jurisdiction, pointing out that the Commonwealth of Pennsylvania has determined that all quiet title actions should be brought "in and only in" the county in which the land is located. Pa.R.C.P. 1062. Plaintiff asserts that abstention is warranted because "[t]he federal judiciary's intrusion into these matters of purely local concern would eventually erode the liability of the local courts to create a unified and coherent policy concerning the rights and interests of local property." Motion to Remand at 5. Plaintiff does not cite a quiet title case in which a federal court has abstained.

Federal courts do hear and decide quiet title and other property cases. Matusow v. Trans-County Title Agency, LLC, 545 F.3d 241 (3d Cir. 2008). Quoting from an earlier Third Circuit case, the Court of Appeals stated: "The purpose of Burford[2] is to 'avoid federal intrusion into matters of local concern and which are within the special competence of local courts.'" Id. at 247. The Court also stated: "Burford does not permit abstention in this case because [plaintiff's] claims [which included a quiet title claim] do not involve any difficult questions of state law or implicate any complex state policies. Nor will [plaintiff's] claims have any impact on the public policy concerns of the State . . . ." Id. at 248; see also 401 North Wabash Venture, LLC v. Ascher Bros. Co., Inc., No. 10 C 1962, 2010 WL 3699982, at *10 (N.D. Ill. Sep. 13, 2010) (declining to exercise Burford abstention in a quiet title action, finding that "[t]hough a state

---

[2] Burford v. Sun Oil Co., 319 U.S. 315 (1943).

doubtless has a significant interest in cases involving title to real estate, there is nothing to suggest that . . . actions to quiet title involve unsettled areas of the law that would best be left to state courts to administer."); Cioffi v. F.D.I.C., 861 F. Supp. 3, 6 (D.R.I. 1994) (declining to abstain under Burford because quiet title action did not present "difficult questions which are subject to a complex state regulatory scheme").

Moreover, abstaining so that a state court can consider a question which I have decided in defendant's favor in a prior action makes no sense. In Squires I, I held that Squires had not fully paid its entire mortgage obligation to the Bank. In the present action, Squires seeks a decree that the Bank's mortgage has been satisfied, *i.e.* that Squires has fully paid its entire mortgage obligation to the Bank. In paragraph 20 of its Complaint in the first action, Squires alleged that it was "entitled to an Order directing Bank of America to satisfy its mortgage on the property." That is the same relief that Squires seeks in this quiet title action. Obviously, Squires is not entitled to relitigate the issue in the present action.

Collateral estoppel or "issue preclusion" bars the relitigation of an issue when that issue has already been fully litigated on the merits to a final judgment. *Witkowski v. Welch,* 173 F.3d 192, 199-200 (3d Cir. 1999). Collateral estoppel may be invoked when: "'(1) the issue sought to be precluded [is] the same as that involved in the prior action, (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment.'" Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n*,* 288 F. 3d 519, 525 (3d Cir. 2002), quoting Burlington N. R.R. Co. v. Hyundai Merchant Marine*,* 63 F. 3d 1227, 1231-32 (3d Cir. 1995). In addition, the party against whom the bar is asserted must have been a party or in privity with a party in the prior adjudication. Bd. of Trs. of Trucking

Emps. of N. Jersey Welfare Fund, Inc.- Pension Fund v. Centra, 983 F. 2d 495, 505 (3d Cir. 1992). All of these requirements have been satisfied in the present situation.[3]

Finally, the Bank seeks costs, expenses and attorneys' fees pursuant to 28 U.S.C. § 1927 which provides: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Although imposition of fees under § 1927 requires a showing of bad faith, this showing may be made by implication "'[w]hen a claim is advocated despite the fact that it is patently frivolous or where a litigant continues to pursue a claim in the face of an irrebuttable defense[.]'" Cameron's Hardware, Inc. v. Independence Blue Cross, No. 08-15, 2008 WL 2944697, at *5 (E.D. Pa. July 28, 2008), quoting Loftus v. Southeastern Pa. Transp. Auth., 8 F. Supp. 2d 458, 461 (E.D. Pa. 1998), aff'd 187 F. 3d 626 (3d Cir. 1999), cert. denied 528 U.S. 147 (1999). Bad faith may also be shown "through 'the intentional advancement of a baseless contention that is made for an ulterior purpose, e.g., harassment or delay.'" Id., quoting Ford v. Temple Hosp., 790 F.2d 342, 347 (3d Cir. 1986).

Courts have required attorneys who file claims that are clearly barred by res judicata and/or collateral estoppel to pay opposing counsel's fees under § 1927. See, e.g. Creely v. Crestview Ctr., 241 F. App'x 58, 60-61 (3d Cir. 2007) (affirming district court's award of attorneys' fees under § 1927 where attorney for plaintiff filed a complaint barred by *res judicata* and a frivolous response to defendant's subsequent motion to dismiss); Cameron's Hardware, 2008 WL 2944697, at *7 (requiring attorney who filed complaint barred by collateral estoppel

---

[3] Having concluded that the action is barred by collateral estoppel, I need not consider the Bank's argument that it also is barred by *res judicata*.

7

and other defenses to pay opposing counsel's fees); Lewis v. Smith, No. 4-07-cv-2011, 2010 WL 3081938, at *2 (M.D. Pa. Aug. 6, 2010) (requiring attorney who filed complaint barred by *res judicata* to pay opposing counsel's fees where attorney ignored opposing counsel's requests to withdraw the action because it was barred by the prior case and where attorney had never filed a motion to reconsider or an appeal).

In my view, no lawyer could have failed to recognize that the present action to quiet title, in which Squires seeks a decree that the Bank's mortgage has been satisfied, seeks to relitigate an issue of fact decided adversely to Squires in the prior action. In that action, I held that Squires had not fully paid the mortgage obligation and declined to grant Squire's request for an order directing the Bank to satisfy its mortgage.

I conclude that sanctions are warranted because counsel[4] has in bad faith unreasonably and vexatiously multiplied the proceedings. I will deny plaintiff's motion to remand and grant defendant's motion for sanctions. I will defer filing of an Order granting defendant's motion to dismiss until the matter of sanctions is resolved.

An appropriate Order follows.

---

[4] Paul A. Bucco, Esquire signed the complaints in both actions.