IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SQUIRES GOLF CLUB, | : | CIVIL ACTION |
| | : | NO. 10-6734 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BANK OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

## **MEMORANDUM AND ORDER**

On January 13, 2011, I entered an Order granting defendant Bank of America's motion for sanctions and directing defendant to produce evidence in support of its request. I found that sanctions against counsel for plaintiff are warranted pursuant to 28 U.S.C. section 1927 because "counsel [had] in bad faith unreasonably and vexatiously multiplied the proceedings" where the instant action "seeks to relitigate an issue of fact decided adversely to Squires in [a] prior action."[1] Now before me is defendant's motion for award of attorney's fees and litigation costs and expenses incurred and plaintiff's response thereto. Defendant seeks a total of $20,777.40 in attorney's fees and a total of $374.50 in litigation costs and expenses, for a total award of $21,151.90. Plaintiff opposes defendant's section 1927 fee application and argues that certain work performed by counsel for defendant was duplicative and unnecessary to the litigation.

"The standard utilized to calculate the proper award of attorney's fees under 28 U.S.C. § 1927 is the lodestar method." Boykin v. Bloomsburg Univ. of Pa., 905 F. Supp. 1335, 1347

---

[1] Pursuant to 28 U.S.C. Section 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

(M.D. Pa. 1995) (imposing as a sanction the full amount of fees and costs incurred in defending against "unreasonable and vexatious" proceedings). The lodestar formula multiplies the reasonable number of hours expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The Court of Appeals has held that "it is necessary that the Court 'go line, by line, by line' through the billing records supporting the fee request." Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346, 362 (3d Cir. 2001). The "Court has an independent duty to satisfy itself that the defense fees requested are reasonable – i.e., that they are the product of reasonable hourly rates for services that were not redundant or over-reactive to the vexatious strategies of plaintiff's counsel." Alphonso v. Pitney Bowes, Inc., 356 F. Supp. 2d 442, 460 (D.N.J. 2005). "[H]ours that are excessive, redundant, or otherwise unnecessary" should not be included in calculating the proper award. Id. at 434. Among the factors that may be considered in determining the reasonableness of a fee request is the "the novelty and difficulty of the questions" involved. Hensley, 461 U.S. at 430 n.3.

Because it was likely that defendant would succeed in defending against plaintiff's claims in this action – indeed, defendant had a slam-dunk defense – I find that certain of the 58.2 hours claimed for its work are excessive or unnecessary. See, e.g., Lanni v. State of New Jersey, 259 F.3d 146, 151 (3d Cir. 2001) ("Trial courts should not accept passively the submission of counsel to support the lodestar amount."); Blagrave v. Nutrition Mgmt. Servs. Co., No. 05-6790, 2009 WL 440299, at *4-5 (E.D. Pa. Feb. 20, 2009) (finding that staffing a matter with a team of attorneys was "unreasonable and unnecessary" given the straightforwardness of the claim involved). Because the outcome of defendant's motion to dismiss was nearly guaranteed where plaintiff sought to relitigate an issue that had clearly been decided adversely to it in a prior action,

I conclude that the number of hours spent in preparing the motion to dismiss and the accompanying reply brief are excessive and will be reduced from 15.6 hours to a more reasonable 7.8 hours. C.f. Mangino v. Pa. Tpk. Com'n, No. 07-370, 2009 WL 5184701, at *4 (W.D. Pa. Dec. 22, 2009) (reducing requested number of hours where "Plaintiffs' response could have been completed in half the time taxed").

I also find that the number of hours expended in removing plaintiff's case to federal court was unreasonable for this case. Because defendant had already prepared similar removal papers in the prior action filed by Squires, defense counsel should not have needed more than 4.0 hours to revise or supplement the prior removal papers to effectuate removal of this matter. Nor should defense counsel have required 0.6 hours (or $225 worth of time) to complete the task of determining whether the removal papers filed in district court were processed by the clerk. The hours expended in November and invoiced in December to remove this matter to federal court will be reduced from 10.7 hours (1.6 hours attributable to Soven and 9.4 hours attributable to Warring) to a more reasonable 5.4 hours. The number of hours expended on responding to plaintiff's motion to remand are likewise unreasonable given the circumstances of the case and will be reduced from 8.7 hours to 4.4 hours.

Finally, I find that the 14.5 hours expended in preparing defendant's fee petition, including 8.4 hours of Warring's time for drafting and revisions is unreasonable. I will reduce this portion of defendant's fee request to a more reasonable 4.2 hours. See Coleman-Hill v. Governor Mifflin School Dist. No. 09-5525, 2010 WL 5139928, at *3 (E.D. Pa. Dec. 7, 2010) (citation omitted) (holding expenditure of "six hours in researching, drafting, and revising the fee petition was excessive. . . . The fee petition only needed to demonstrate whether the hours

claimed were reasonable for the work performed.").

I find that the remaining hours spent are reasonable. Accordingly, I will award defendant its fees for a total of 30.4 hours of work. Counsel for defendant provided legal services to defendant in this matter at a uniform blended rate of $357 per hour. Plaintiff has not introduced evidence to challenge the reasonableness of the blended rate and I find the rate to be reasonable. This yields a lodestar of $10,852.80. Defendant also requests $374.50 for its filing fees in this matter, an amount not challenged by plaintiff. Accordingly, I will award total fees and costs to defendant in the amount of $11,227.30.

AND NOW, this 22nd day of March, 2011, upon consideration of defendant Bank of America's Motion for Attorney's Fees and Litigation Costs and Expenses and plaintiff's response thereto, it is ORDERED that the motion is GRANTED. Judgement is ENTERED in favor of defendant Bank of America and against plaintiff's counsel Paul Bucco, Esquire in the amount of $11,227.30.

    s/Thomas N. O'Neill, Jr.
THOMAS N. O'NEILL, JR., J.